IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02601-GPG

G. Z. HAMMOND,

    Plaintiff,

v.

PILLAR PROPERTIES SERVICES, LLC,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, G. Z. Hammond, is an inmate at the Denver County Jail in Denver, Colorado.  Mr. Hammond initiated this action by submitting to the Court *pro se* a letter (ECF No. 1) requesting a preliminary injunction because he was evicted from his home in violation of his rights under the Fair Housing Act.  The instant action was commenced and, on November 30, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Hammond to cure certain deficiencies if he wishes to pursue his claims.  Specifically, Magistrate Judge Gallagher directed Mr. Hammond to file a complaint and either to pay filing and administrative fees totaling $400.00 or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement and a signed authorization to calculate and disburse filing fee payments.  Mr. Hammond was warned that the action would be dismissed without further notice if he failed to cure these deficiencies within thirty days.

    On December 11, 2015, Mr. Hammond submitted a copy of his inmate trust fund

account statement that is dated October 5, 2015. (*See* ECF No. 4.) On December 23, 2015, he filed a letter (ECF No. 5) regarding his efforts to cure the deficiencies, a Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action (ECF No. 6), and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7). Attached to the *in forma pauperis* motion is a copy of Mr. Hammond's inmate trust fund account statement that is dated December 8, 2015. (*See* ECF No. 6 at 3.)

On December 24, 2015, Magistrate Judge Gallagher entered a Second Order Directing Plaintiff to Cure Deficiencies (ECF No. 8). Magistrate Judge Gallagher advised Mr. Hammond that his fair housing claims may not be raised in a habeas corpus action and he again directed Mr. Hammond to file a proper pleading on the court-approved complaint form.

On December 28, 2015, Mr. Hammond filed a document (ECF No. 9) relevant to his efforts to cure the deficiencies that includes another copy of his inmate trust fund account statement that is dated December 23, 2015. On January 4, 2016, Mr. Hammond filed a document (ECF No. 10) advising the Court that he was being held in segregation. On January 19, 2016, Mr. Hammond filed a letter (ECF No. 12) requesting an extension of time.

On January 20, 2016, Magistrate Judge Gallagher entered a Third Order Directing Plaintiff to Cure Deficiencies (ECF No. 13). Magistrate Judge Gallagher granted Mr. Hammond an extension of time to cure the deficiencies in this action and advised him that, in order to cure the deficiencies, he must file a complaint on the proper form and he

must either pay the required filing fees or file on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with the required supporting documentation.   Mr. Hammond was reminded that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

Mr. Hammond has failed to cure the deficiencies within the time allowed and he has not responded in any way to Magistrate Judge Gallagher's Third Order Directing Plaintiff to Cure Deficiencies.   He has not filed a pleading on the proper form and he has failed either to pay the required filing fees or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.   Therefore, the action will be dismissed without prejudice for failure to prosecute and cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Hammond failed to prosecute and cure the deficiencies as directed.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on

appeal in the United States Court of Appeals for the Tenth Circuit.   It is

FURTHER ORDERED that the pending motions are denied as moot.

DATED at Denver, Colorado, this  26th  day of   February  , 2016.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court